UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL JOHN MAIER, <br><br> Plaintiff, <br><br> v. <br><br> SNOHOMISH COUNTY CORRECTIONS BUREAU, et al., <br><br> Defendants. | CASE NO. C17-271-JLR-JPD <br><br> REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action against defendants Snohomish County Corrections Bureau, Corrections Supervisor Kimberly Parker,[1] Head Nurse Debbie Bellinger, Chief Tony Aston, and Aramark Food Services.[2] Plaintiff claims that during a period of incarceration at the Snohomish County Jail in Everett, Washington, defendants violated his constitutional rights by denying his request

---

[1] Ms. Parker was not named in the caption of plaintiff's amended complaint, but rather in the "Additional Defendants" section. Dkt. 7.

[2] The Court declined to serve defendant Aramark Food Services because plaintiff failed to provide the mailing address necessary to effect service on this corporation at the time the amended complaint was filed. Dkt. 9 at 2 n.1.

REPORT AND RECOMMENDATION - 1

for a vegan diet in accordance with his professed religion. *Id.* This matter comes before the Court upon defendants' motion to dismiss for failure to exhaust administrative remedies. Dkt. 13. Having considered the parties' submissions, the governing law, and the balance of the record, the Court recommends that defendants' motion to dismiss, Dkt. 13, be GRANTED and this action be DISMISSED without prejudice for failure to exhaust.

II. BACKGROUND

Plaintiff Michael John Maier was incarcerated at the Snohomish County Jail ("SCJ") on January 21, 2017.[3] Dkt. 13 at 2. Ten days later, plaintiff submitted a service kite request for a religious diet to the facility's Classification Supervisor, defendant Kimberly Parker, pursuant to the Inmate Orientation Handbook instructions provided by SCJ upon booking. *Id.* Plaintiff's kite stated that his religious observance as a Seventh Day Adventist necessitated a vegan diet. *Id*; Dkt. 14, Ex. C (First Kite).

Ms. Parker responded to plaintiff's service kite by attempting to verify the religious basis of his request, and asked for "the contact information of a clergy or spiritual leader of the religion who can verify that the diet is required, and that you are a member of the religion." Dkt. 14 (Parker Decl.) at ¶ 7; Dkt. 14, Ex. D (First Reply Memorandum).[4] As instructed, plaintiff submitted a new kite on February 1, 2017, which specified that his church "is in Arlington," but

---

[3] Plaintiff is no longer incarcerated at the Snohomish County Jail. Dkt. 13 at 2 n.2. Though neither party has informed the Court of plaintiff's current location, the Washington State Department of Corrections website currently lists plaintiff as an inmate at the Coyote Ridge Corrections Center in Connell, Washington. However, defendants' certificate of service indicates that plaintiff was served the instant motion at Clallam Bay Corrections Center in Clallam Bay, Washington. Dkt. 13 at 8.

[4] Ms. Parker's reply followed protocol, and is explained in the jail's Inmate Orientation Handbook: "You may be asked to submit the name of a clergy, religious leader, or advisor to verify the religious observance and/or practice of the religion. Requests are to be directed to the Classification Supervisor." Dkt. 14 (Parker Decl.) at ¶ 4; Dkt. 14, Ex. A (Handbook).

he provided no further contact information or details.  Dkt. 14, Ex. E (Second Kite).  Ms. Parker's next day follow-up reiterated her need to know the name of plaintiff's church, so that she could process his request.  *Id.*

On February 4, 2017, plaintiff responded by filing the first of five Inmate Grievance Forms.  Dkt. 14 (Parker Decl.) at ¶ 9; Dkt. 14, Ex. F (First Grievance).  Specifically, plaintiff wrote that he did not know the name of his church, but that "it is the only Damn Adventist Church in Arlington."  Dkt. 14, Ex. F (First Grievance).  He also warned SCJ staff that he would "file a 1983" lawsuit if they kept "playing games."  *Id.*  When asked on the grievance form what informal steps had been taken to resolve his complaint, plaintiff wrote, "Feed me a Vegan Tray."  *Id.*

Despite plaintiff's failure to identify the name of the church he claimed to attend, Ms. Parker contacted two Adventist churches, one in Arlington and another in Stanwood, Washington, and spoke with two church leaders.  Dkt. 14 (Parker Decl.) at ¶ 8; Dkt. 14, Ex. G (Second Reply Memorandum).  Each confirmed that plaintiff is not a member of their church and that a vegan diet is not a requirement of the Seventh Day Adventist faith.  *Id.*  Accordingly, Ms. Parker's February 6, 2017 reply to plaintiff's grievance shared these findings and denied his request for a vegan religious diet.  Dkt. 14, Ex. G (Second Reply Memorandum).

Although SCJ policy provides an appeal process for grievance responses, plaintiff did not appeal Ms. Parker's denial.  Dkt. 13 at 3; Dkt. 14 (Parker Decl.) at ¶ 9, 10; Dkt. 14, Ex. B (Inmate Grievances Policy).  Instead, he filed a duplicate grievance, which was subsequently dismissed as a "misuse of the grievance process" because a response had already been issued.  Dkt. 14 (Parker Decl.) at ¶ 11; Dkt. 14, Ex. H (Second Grievance).

Plaintiff then directed his grievances to the medical department. Dkt. 14 (Parker Decl.) at ¶ 12; Dkt. 14, Ex. I (Medical Grievances). On February 9, 2017, his third grievance alleged a protein deficiency, demanded "my proper diet," and requested medical attention and a civil rights complaint packet. Dkt. 14, Ex. I (Medical Grievances). Before receiving a response, plaintiff submitted a fourth grievance "for a paper trail when I file my 1983" demanding protein because he is a "vegetarian." *Id.* Defendant Debbie Bellinger, SCJ's Head Nurse, answered plaintiff's grievances by informing him that the jail does not serve meat, "most of the protein served at the jail is soy," and as a result, plaintiff had been receiving protein. *Id.* Nurse Bellinger denied both grievances. Dkt. 13 at 3; Dkt. 14, Ex. I (Medical Grievances). Plaintiff did not appeal the medical department's denial of his third and fourth grievances seeking protein supplements or a vegan diet. *Id.* Finally, on February 28, 2017, Nurse Bellinger denied plaintiff's fifth grievance, which mentioned his request for a vegan diet while also asking for non-prescription shoe insoles. Dkt. 14, Ex. I (Medical Grievances). Plaintiff did not appeal the denial of any of these grievances although that is the next step in the exhaustion process, according to the Inmate Orientation Handbook. Dkt. 14, Ex. A (Handbook).

Plaintiff filed this lawsuit on February 17, 2017, alleging various staff and departments at SCJ had violated his civil rights by denying his religious request for vegan meals. Dkt. 5 at 4. The Court declined to serve plaintiff's initial complaint and granted leave to amend to clarify the precise names and alleged violative actions of the individual defendants.[5] Dkt. 6 at 1. Plaintiff's amended complaint, filed on March 13, 2017, states that the named defendants violated the SCJ

---

[5] Further, the Court advised plaintiff that in order to successfully state a claim against a local government entity, like Snohomish County Jail, pursuant to *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691 (1978), he must thoroughly explain how a policy or custom of the department deprived him of his civil rights. Dkt. 6 at 3.

REPORT AND RECOMMENDATION - 4

policy on religious practices by denying his request for a religious diet. Dkt. 7 at 3. Defendants' instant motion to dismiss for failure to exhaust administrative remedies, supported by the declaration of defendant Kimberly Parker, asserts that when plaintiff filed his amended complaint, he had not properly completed the grievance appeal procedure at SCJ. Dkt. 13 at 2. To date, plaintiff has not filed any response or opposition to defendants' motion.

## III. DISCUSSION

### A. Legal Requirement to Exhaust Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Aimed at reducing the quantity and improving the quality of prisoner civil rights suits, the PLRA "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is still a prerequisite to suit. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The exhaustion requirement is mandatory for all prisoners pursuing § 1983 actions and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). A failure to exhaust generally results in dismissal without prejudice. *See Booth*, 532 U.S. at 735 ("failure to avail himself of the later stages of the administrative process led the District Court to dismiss the complaint without prejudice for failure to exhaust 'administrative remedies'...").

Plaintiff's civil rights action, predicated on allegations of religious discrimination, falls within the requirements of § 1997e(a). As such, plaintiff is required to comply with all of SCJ's applicable administrative procedures prior to filing a lawsuit. If defendants show that plaintiff failed to exhaust the internal administrative remedies available to him before filing this lawsuit, the matter must be dismissed.

    B.  Summary Judgment Standard As Applied Under the PLRA

The issue of exhaustion is properly brought as a motion for summary judgment because evidence submitted by the parties is generally required to show that unpursued administrative remedies were actually available to the plaintiff. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015); *see also, Richey v. Dahne*, 807 F.3d 1202, 1207 (9th Cir. 2015). Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." *Jones*, 549 U.S. at 216. The defendant bears the burden of showing that the facility's administrative processes were available to the prisoner, and that the plaintiff did not take advantage of the potential remedies. *Id.* The court may review and dismiss a complaint for failure to state a claim under Rule 12(b)(6) only when failure to exhaust available administrative remedies is clear on the face of the prisoner's petition. *See Albino v. Baca*, 747 F.3d at 1166, 1168 (9th Cir. 2014).

Summary judgment is appropriate when undisputed evidence, viewed in the light most favorable to the prisoner, shows "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). If material facts are disputed, then summary judgment should be denied. *Albino*, 747 F.3d at 1170. Compliance with a correctional facility's grievance procedures must be "proper" as well as complete. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90–93 (2006). A prisoner's failure to comply with procedures may only be excused where he "took reasonable and appropriate steps to exhaust his… claim and

was precluded from exhausting, not through his own fault but by a force outside his control."
*Nunez v. Duncan,* 591 F.3d 1217, 1224 (9th Cir. 2010); *accord, Ross v. Blake,* ___ U.S. ___, 136 S. Ct. 1850, 1853–54 (2016).

Defendants argue that the Court should dismiss this action under Fed. R. Civ. P. 12(b)(6), viewing only the allegations in plaintiff's amended complaint to conclude that he failed to exhaust the administrative remedies at SCJ. Dkt. 13 at 5–6. However, it is unclear from plaintiff's amended complaint exactly which steps of the SCJ grievance process had been completed at the time he initiated this action. As the Ninth Circuit recently recognized, "a prisoner's failure to exhaust may be clear from the face of the complaint, [but] such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint." *Albino*, 747 F.3d at 1169. Defendants' additional filings in support of their motion were necessary for the Court review to determine which steps in the grievance process plaintiff had completed, and whether additional steps remained. For this reason, the Court construes defendants' instant motion to dismiss as a motion for summary judgment subject to the guidelines of Rule 56, and views all evidence in the plaintiff's favor. Because defendants' motion remains unopposed, and there are no genuine issues of material fact in dispute, defendants are entitled to summary judgment.

        C.        <u>Defendants Have Shown that Plaintiff Failed to Exhaust Available Remedies</u>

Here, defendants argue that plaintiff failed to exhaust the available administrative remedies before filing this lawsuit. Defendants assert that although plaintiff initially followed the Inmate Orientation Handbook protocol by filing kites and grievances regarding his request for a religious diet, he failed to appeal the denial of his grievance decisions in accordance with the jail's policy. Dkt. 13 at 6. Defendants argue that plaintiff's own actions and admissions on

his grievance forms establish that he was aware of the jail's processes, and capable of appealing the denials had he chosen to do so. *Id.* at 4–5. The SCJ policy mandates that "[a]n appeal must be submitted within 5 calendar days of the inmate receiving the grievance response," and appeals will only be considered when an error is alleged to have impacted the original reviewer's decision or new information that was not originally considered has been made available. Dkt. 14, Ex. B (Inmate Grievances Policy). As a result, defendants contend that plaintiff's amended complaint should be dismissed.

Defendants have carried their burden by showing that plaintiff failed to fully exhaust his claim. Plaintiff has failed to file a response to defendants' motion. As a result, it appears undisputed that plaintiff did not properly exhaust the administrative remedies available to him at SCJ, as required by the PLRA. Additionally, plaintiff's initial and amended complaints suggest that he may have understood the grievance process to be incomplete at the time this case was filed. Specifically, in his initial civil rights complaint, plaintiff checked the box "No" in response to the question "Is the grievance process completed?" Dkt. 5 at 2. Similarly, on plaintiff's amended complaint he circled "No" in response to the same query.[6] Dkt. 7 at 2. Lastly, although the civil rights complaint form instructs plaintiff to "attach a copy of the <u>final</u> grievance resolution" to his complaint to show completion, plaintiff did not attach any of his numerous kites or grievances. *See* Dkt. 5; *see also*, Dkt. 7 (formatting omitted).

There is no evidence that plaintiff was either unaware of, or incapable of properly completing, the grievance process. In fact, plaintiff cited to the Inmate Orientation Handbook, the source of SCJ's grievance policies, in his explanation of the amended claims. Dkt. 7 at 4.

---

[6] Plaintiff checked both the "Yes" and "No" boxes, then ultimately circled the "No" in an apparent effort to clarify his choice. Dkt. 7 at 2.

Further, the record does not suggest that plaintiff was deterred from submitting requests for a religious diet;[7] it simply shows that his requests were unsuccessful and that he did not take appropriate steps to exhaust by appealing the denial of any of his five grievances. Dkt. 14 (Parker Decl.) at ¶¶ 12, 13; Dkt. 14, Ex. I (Medical Grievances). Plaintiff offers no explanation to the Court as to why his failure to appeal the grievance or respond to defendants' motion should be excused.

### III. CONCLUSION

Accordingly, because plaintiff failed to appeal the denial of his SCJ grievances prior to filing this lawsuit, the Court recommends that plaintiff's amended complaint be dismissed for failure to properly exhaust administrative remedies under the PLRA. The undersigned recommends that defendants' motion for summary judgment, Dkt. 13, be GRANTED and this matter DISMISSED without prejudice for failure to exhaust. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **August 24, 2017**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 25, 2017.**

---

[7] On the contrary, jail staff allowed plaintiff to file multiple grievances with only a warning that duplicate grievances were a "misuse" that required alternative course of action if seeking an appeal. Dkt. 14, Ex. H (Second Grievance); Dkt. 14, Ex. I (Medical Grievances).

REPORT AND RECOMMENDATION - 9

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

As noted above, the Court has not been advised of plaintiff's current location. As a result, the Clerk is directed to send a copy of this Report and Recommendation to plaintiff at Snohomish County Jail in Everett, Washington, Coyote Ridge Corrections Center in Connell, Washington, and Clallam Bay Corrections Center in Clallam Bay, Washington.

Dated this 3rd day of August, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge